IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEMUEL HOUSTON, #B88647,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01250-SMY |
| | ) |
| **MS. BUETTNER,** | ) |
| **BRYAN CHILDS,** | ) |
| **JOHN DOE,** | ) |
| **JOSHUA A. SCHOENBECK,** | ) |
| **ANTHONY B. JONES,** | ) |
| **YVETT BAKER,** | ) |
| **ALEX WILLS, and** | ) |
| **WARDEN OF MENARD** | ) |
| **CORRECTIONAL CENTER** | ) |
| (*official capacity*), | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lemuel Houston, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Sometime before August 15, 2021, Plaintiff was forced, through threat of violence, by gallery officer John Doe to be housed with another inmate in the North 2 cellhouse at Menard. In *Turley v. Lashbrook*, the

court deemed it unconstitutional to house two inmates in those cells due to the small cell size. Plaintiff filed a grievance on August 15, 2021 expressing his concerns that his mental health was being affected, specifically stating the conditions were causing him "psychological episodes" of killing his cellmate.  The next day, Plaintiff was called to see mental health professional Buettner to discuss his grievance.  Buettner allowed intelligence officer Bryan Childs to be present during this confidential mental health visit in violation of HIPAA, did not inform Plaintiff it was not a mental health visit, and did not advise him that he could be punished for conveying his "psychological episodes" to mental health.

Plaintiff was written a disciplinary ticket by Childs for expressing his "psychological episodes."  He went before the adjustment committee on August 24, 2021 and explained that he was mentally ill and was just expressing a mental health crisis.  However, adjudgment committee members Joshua Schoenbeck and Anthony Jones found him guilty and sentenced him to two months in segregation.

Plaintiff was moved to a cell with deplorable conditions.  The cell was filthy and he was not provided cleaning supplies for five days.  There was black mold on the light fixture and toilet and rust on the bars and door frame that fell into his food.  The toilet did not work for a week and he did not receive a mattress for ten days.  There was a constant bright light outside his cell that caused sleep deprivation and exacerbated his mental health issues.

Plaintiff submitted a grievance on September 30, 2021 complaining about being disciplined for communicating his mental health issues.  Yvett Baker and Alex Wills denied his grievance on October 27, 2021.  ARB member Sherry Benton ordered the disciplinary ticket to be expunged. By that time, Plaintiff had served the two months in segregation under deplorable conditions.

Based on the allegations in the Complaint, the Court designates the following claims in this

*pro se* action:[1]

| | | |
|---|---|---|
| Count 1: | | Eighth Amendment claim against John Doe for subjecting Plaintiff to unconstitutional conditions of confinement by forcing him to be celled with another inmate in a small cell. |
| Count 2: | | Claim for violation of the Health Insurance Portability and Accountability Act ("HIPAA") by Buettner and Childs on August 16, 2021. |
| Count 3: | | Fourteenth Amendment claim against Buettner, Childs, Schoenbeck, and Jones for due process violations in the disciplinary proceedings related to Plaintiff's August 15, 2021 grievance. |
| Count 4: | | Eighth Amendment claim against Buettner, Childs, Schoenbeck, and Jones for exhibiting deliberate indifference to Plaintiff's serious mental health needs. |
| Count 5: | | Fourteenth Amendment due process claim against Baker and Wills for denying Plaintiff's September 30, 2021 grievance complaining about being disciplined for communicating his mental health issues. |
| Count 6: | | Eighth Amendment claim for subjecting Plaintiff to unconstitutional conditions of confinement by housing him in a filthy cell with black mold, rust, a toilet that did not work, no mattress, no cleaning supplies, and a constant bright light outside his cell that caused sleep deprivation and exacerbated his mental health issues. |

## Discussion

### Count 1

The allegations in the Complaint are sufficient for the claim in Count 1 to proceed against John Doe.

### Count 2

"HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 F. App'x. 658, 659 (7th Cir. 2011). Only the Secretary of Health and Human Services may pursue sanctions

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

if a HIPAA violation has occurred. 42 U.S.C. § 1320d-5(a)(1). Consequently, the alleged HIPAA violation in Count 2 will be dismissed.

### Count 3

A court analyzing a Fourteenth Amendment due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermone v. Burch*, 494 U.S. 113, 125 (1990). According to the Adjustment Committee Final Summary Report, Plaintiff received two months segregation and two months C grade. There is no protected interest in two months segregation. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). Nor is there a protected liberty interest in demotion to C grade status. *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997). For these reasons, Count 3 fails to state a claim and will be dismissed.

### Count 4

Defendants Buettner, Childs, Schoenbeck, and Jones participated in disciplinary proceedings against Plaintiff for his attempt to seek mental health assistance via the grievance process. Plaintiff alleges that instead of taking steps to mitigate the serious risk of harm posed by his mental illness by referring him for treatment, or in Buettner's case by providing treatment, they subjected him to disciplinary proceedings and punishment that was far more likely to exacerbate his mental illness. The allegations in the Complaint are sufficient to proceed on the claim in Count 4 against Buettner, Childs, Schoenbeck, and Jones.

### Count 5

"Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Hinsley*, 635 F.3d 950,

953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Accordingly, Count 5 against Yvett Baker and Alex Wills will be dismissed.

### Count 6

To state a claim under §1983, an inmate must allege that a defendant was personally involved in the deprivation of a constitutional right or that an official with the ability to rectify the situation knew about the unconstitutional conduct and facilitated, approved, condoned, or turned a blind eye to it. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff does not associate any named defendant with the unconstitutional conditions of confinement claim in Count 6 – he does not allege that any individual was aware of the conditions, or that he complained to any individual about the conditions. Count 6 will be dismissed for failure to state a claim.

### Request for Injunctive Relief

Because the Complaint includes a request for preliminary and permanent injunctive relief, the Warden of Menard Correctional Center, in his/her official capacity, will be added to the docket. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

Although Plaintiff seeks preliminary injunctive relief, he did not file a separate motion in support of the request and did not set forth the reasons he is entitled to this relief under Federal Rule of Civil Procedure 65. Because there are no allegations that Plaintiff is facing an immediate and irreparable injury, loss, or damage that warrants preliminary injunctive relief, the request for preliminary injunctive relief in the Complaint is **DENIED**.

### Identification of Doe Defendant

The Warden of Menard Correctional Center, in his/her official capacity, shall respond to discovery aimed at identifying the Doe defendant. Guidelines for discovery will be set by the undersigned judge. Once the name of the Doe defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

Following preliminary review under § 1915A the following claims will proceed: Count 1 against John Doe and Count 4 against Buettner, Bryan Childs, Joshua A. Schoenbeck, and Anthony B. Jones. The following claims and individuals are **DISMISSED without prejudice**: Counts 2, 3, 5, and 6 and Yvette Baker and Alex Wills. The Clerk of Court is **DIRECTED** to **TERMINATE** Baker and Wills as parties and **ADD** the Warden of Menard Correctional Center, official capacity only, for Plaintiff's claim for injunctive relief and to respond to discovery aimed at identifying the Doe defendant.

The request for preliminary injunctive relief in the Complaint is **DENIED**.

The Clerk of Court shall prepare for Buettner, Bryan Childs, Joshua A. Schoenbeck, Anthony B. Jones, the Warden of Menard Correctional Center (official capacity only), and once identified, John Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require

the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant John Doe until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  July 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**