IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEMUEL HOUSTON, #B88647, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-01250-SMY |
| | ) |
| SHERI BUETTNER, | ) |
| BRYAN CHILDS, | ) |
| JOHN DOE (Gallery Officer North 2), | ) |
| JOSHUA A. SCHOENBECK, | ) |
| ANTHONY B. JONES, and | ) |
| WARDEN OF MENARD | ) |
| CORRECTIONAL CENTER | ) |
| (*official capacity*), | ) |
| | ) |
|     Defendants. | ) |

# ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion to Set Aside Clerk's Entry of Default filed by Defendant Sheri Buettner. (Doc. 30). Following service, Defendant returned an executed Waiver of Summons; her responsive pleading was due September 23, 2022. (Doc. 13). However, she failed to move, answer, or otherwise plead in response to the Complaint by that deadline, and a Clerk's Entry of Default was docketed on March 8, 2023. (Doc. 24). On March 30, 2023, Defendant filed the instant motion and a Motion for Leave to File Answer Out of Time (Docs. 28, 30, 31).

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir.2009) (citations omitted); FED. R. CIV. P. 55(c). Defendant Buettner is an employee of Wexford Health Sources,

1

Inc. ("Wexford"), and provides mental health services at Menard Correctional Center. She asserts that she followed regular procedure and returned her executed waiver of service to the IDOC staff member who was to forward it to the Court and to Wexford; she expected Wexford's insurer would then assign counsel to defend her. She only learned after the entry of default that her waiver had not been provided to Wexford and they had not received notice of this lawsuit. Thereafter, Counsel entered their appearance for Defendant and filed the instant motions and supporting declarations.

The undersigned is satisfied that Defendant acted diligently and cooperated with counsel to explain and correct the oversight that led to her default. Further, Defendant asserts meritorious defenses to Plaintiff's claims in her proposed answer to the complaint. (Doc. 31-2). Accordingly, and consistent with this Court's preference for the adjudication of claims on the merits, Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 30) is **GRANTED**; the Clerk's Entry of Default (Doc. 24) is **VACATED**. Defendant's Motion for Leave to File Answer Out of Time (Doc. 31) is also **GRANTED**; Defendant shall file her Answer forthwith.

**IT IS SO ORDERED.**

**DATED: April 6, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**